IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID FLETCHER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00588 |
| ALEX LITTLE et al., | ) ) | JUDGE RICHARDSON |
| Defendants | ) ) ) | |

## **MEMORANDUM OPINION**

Plaintiff David Fletcher, proceeding *pro se*, brings a civil complaint asserting claims under 42 U.S.C. § 1983 and state law against a private attorney, his client, a former officer with the Metropolitan Nashville Police Department, and the Metropolitan Nashville Police Department. Because Plaintiff proceeds *in forma pauperis*, the complaint is before the court for an initial review.

**I.     Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II.     Factual Allegations

The defendants in this case are attorney Alex Little; "con man" Hugo Salido; Detective Gary Shannon, currently an officer with the Springfield Police Department but previously with the Metropolitan Nashville Police Department ("MNPD"); and the MNPD.

Plaintiff states that, on or around May 1, 2018, Detective Shannon maliciously arrested him solely because of his skin color (black) and criminal history. Although Plaintiff does not use the words "probable cause," he states that Shannon "knew very well it was a white guy that he said he needed to arrest." (Doc. No. 4, at 2.) Plaintiff alleges that, following the arrest, Shannon continued to defame and threaten him. He claims that this conduct, in conjunction with the arrest, caused him "severe mental and emotional stress," physical danger resulting from media coverage and internet backlash, and the loss of his job. (Doc. No. 1, at 4; Doc. No. 4, at 1.) Plaintiff does not indicate that he was convicted on the charges brought against him.

Plaintiff alleges that Alex Little has "referred to [him] as a criminal mastermind on behalf of his client," thus causing "a wave of public and internet humiliation." (Doc. No. 1, at 5.)

In the supplemental pleading, Plaintiff alleges that Hugo Salida also made false allegations against him that resulted in the issuance of felony warrants and the arrest by Detective Shannon, despite the fact that both knew that the alleged crime was committed by a white man.

Plaintiff claims that, as a result of the defendants' actions, he has had to seek medical treatment for high blood pressure caused by stress, a mental breakdown, and PTSD. He has been "run off the road twice by anonymous white individuals." (Doc. No. 1, at 6.) He seeks damages and equitable relief for "stress, defamation of character, slander, and racial discrimination." (*Id.*)

## III. Discussion

The court construes the complaint, first, as asserting claims for violations of Plaintiff's civil rights under 42 U.S.C. § 1983. To state a colorable claim under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

Detective Shannon, as a police officer employed (at the time) by the MNPD, is a state actor for purposes of § 1983. *See, e.g.*, *Cochran v. Gilliam*, 656 F.3d 300, 305 (6th Cir. 2011) (recognizing that sheriff's deputies are state actors). He is alleged to have arrested Plaintiff without probable cause and to have embarked on a campaign of harassment after that. These allegations implicate Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. Accepting as true Plaintiff's allegations, as the Court must in conducting this initial review, the Court finds that the complaint states a colorable claim against Detective Shannon. The Court

makes no finding regarding the availability of affirmative defenses against the claim.

The next question is whether the complaint states a claim against the MNPD. The MNPD is a division of the Metropolitan Government of Nashville and Davidson County ("Metro"), but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department on the basis that it was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983). On this basis alone, the claims against the MNPD must be dismissed.

Even if the Court broadly construes the complaint as asserting a claim against Metro, rather than the MNPD, it is still subject to dismissal. While a municipality is considered a "state actor" subject to suit under 42 U.S.C. § 1983, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted). In this case, Plaintiff has not attempted to identify a policy or show how he was injured as the result of the execution of any such policy. The complaint fails to state a claim against Metro or the MNPD.

Alex Little and Hugo Salido, a private attorney and private individual, respectively, are not alleged to be state actors. A private party's actions constitute state action under section 1983 only where those actions may be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982); *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *See Chapman*, 319 F.3d at 833 (citations omitted). The only one of these tests that might possibly apply here is the nexus test, but Plaintiff does not allege sufficient facts to suggest that there was a sufficiently close nexus between the state and the private actors to convert their actions into state action. Consequently, the complaint fails to state a claim under 42 U.S.C. § 1983 against Alex Little or Hugo Salido. Thus, to the extent Plaintiff intended to assert claims against Little and Salido under § 1983, those claims will be dismissed.

However, the complaint may be fairly construed to assert state law claims against these defendants, and against Shannon, for defamation. Under Tennessee law, defamation includes both libel and slander. To prove a claim for defamation, "the plaintiff must establish that: (1) a party published a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). Plaintiff claims that Shannon "taunt[ed]" him and made false allegations about his character to the media. (Doc. No. 1, at 5.) Alex Little has "referred to him as a criminal mastermind on behalf of his client," causing "a wave of public and internet humiliation." (*Id.*) Plaintiff alleges that Salido, with assistance from Shannon, made meritless allegations against him that "resulted in felony warrants." (Doc. No. 4, at 1.) For purposes of the initial review, and without consideration of the

5

possible availability of affirmative defenses, the court finds that the complaint and supplemental pleading together state colorable defamation claims. Because these claims appear to be "so related" to the § 1983 claim over which the court has federal-question jurisdiction "that they form part of the same case or controversy," 28 U.S.C. § 1367(a), the court has supplemental jurisdiction over these state law claims as well.

**IV.    Conclusion**

All claims against the MNPD will be dismissed for failure to state a claim for which relief may be granted. The § 1983 claim against Alex Little and Hugo Salido will be dismissed for failure to state a claim. The § 1983 claim against Detective Gary Shannon and the defamation claims against Shannon, Alex Little and Hugo Salido will be permitted to proceed. An appropriate order is filed herewith.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE