IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID FLETCHER | ) | |
| | ) | |
| v. | ) | NO. 3:19-00588 |
| | ) | |
| ALEX LITTLE, et al. | ) | |

**TO: Honorable Eli Richardson, District Judge**

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered August 1, 2019 (Docket Entry No. 6), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 11) filed by Defendant Alex Little, to which Plaintiff has responded in opposition. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted. The undersigned Magistrate Judge further recommends that this lawsuit be dismissed as to all defendants.

**I.  BACKGROUND**

David Fletcher ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on July 12, 2019, asserting claims under 42 U.S.C. § 1983 and state law against Alex Little ("Little"), Hugo Salido ("Salido"), Gary Shannon ("Shannon"), and the Metropolitan Nashville Police Department ("MNPD"). *See* Complaint (Docket Entry No. 1).[1] Little is an attorney who represented Salido in a civil matter. Shannon is a former detective with the MNPD.

---

[1] Subsequent to filing his complaint, Plaintiff made two filings that add to the allegations in his complaint and which the Court has construed to be part of his pleading. *See* Amendment (Docket Entry No. 4) and Prayer for Relief (Docket Entry No. 8).

Plaintiff asserts that he was arrested by Shannon on May 1, 2018, for criminal charges that are not explained in the complaint. However, he alleges that he was maliciously and falsely arrested solely because of his skin color (black) and his criminal history, and that Shannon knew that Plaintiff had not committed the alleged crime(s). *See* Complaint at 4; Amendment at 1-2. He further alleges that Salido made false allegations against him that contributed to his arrest. *See* Amendment at 1. Plaintiff alleges that, following the arrest, Shannon continued to defame, taunt, and threaten him for several weeks. *See* Complaint at 5. Plaintiff alleges that Little has "referred to [him] as a criminal mastermind on behalf of his client," thus causing "a wave of public and internet humiliation. That came from Det. Shannon." *Id*. Plaintiff offers no additional information about this alleged statement, such as when, where, and to whom it was made.

Plaintiff claims that Defendants' conduct caused him "severe mental and emotional stress," physical danger resulting from media coverage and internet backlash, and the loss of his job. *Id*. at 4; Amendment at 1. He further claims that, as a result of Defendants' actions, he has had to seek medical treatment for high blood pressure caused by stress, a mental breakdown, and PTSD and that he has been "run off the road twice by anonymous white individuals." *See* Complaint at 6. Plaintiff seeks over 5 million dollars in compensatory and punitive damages as well as equitable relief. *See* Prayer for Relief.

Upon initial review of the complaint under 28 U.S.C. § 1915, the Court found that Plaintiff alleged a colorable constitutional claim under Section 1983 against Defendant Shannon and a colorable state law claim for defamation against Defendants Shannon, Salida, and Little. The Court dismissed Plaintiff's claims against the MNPD and his Section 1983 claims against Defendants Salida and Little. In lieu of an answer, Defendant Little filed the pending motion to dismiss. Defendants Shannon and Salida have not been served with process in the case.

## II. STANDARD OF REVIEW

Defendant Little's motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual allegations supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

A. Motion to Dismiss.

In his motion to dismiss, Defendant Little sets out "summary" and "background" sections in which he asserts that Plaintiff is a"bounty hunter" who was arrested by MNPD after trespassing on the property of Defendant Salido. *See* Motion to Dismiss (Docket Entry No. 11) at 1-2. Little asserts that, in March 2019, he filed a lawsuit in state court against Plaintiff and others on behalf of Salido as a result of Plaintiff's actions. *Id*. Little contends that the instant federal lawsuit was filed by Plaintiff as retaliation for Defendant Salido's state court lawsuit. *Id*. Defendant Little attaches to

3

his motion a computer printout of the docket for a criminal case brought against Plaintiff and a copy of the state lawsuit filed by Defendant Salido. *See* Docket Entry Nos. 11-1 and 11-2.

As arguments for dismissal, Defendant Little argues that the alleged defaming statement, namely that Plaintiff was a "criminal mastermind," does not rise to the level of defamation because it (1) is based upon the true fact that Plaintiff was arrested and (2) is a statement of personal opinion by Defendant Little. *See* Motion to Dismiss at 6. He further argues that, even if the statement is considered defamatory, state law provides a broad litigation protection for attorneys acting in the course of litigation and that this broad litigation privilege bars the present defamation claim against him because the claim is based upon a statement or actions that he took "on behalf of his client," as is alleged by Plaintiff in his complaint. *Id*. at 6-7.

In response to the motion, Plaintiff disputes the veracity of the statements made by Defendant Little in the "summary" and "background" sections and contends that the attachments to the motion are selective attachments intended to present Plaintiff in a bad light and to vilify him. *See* Response (Docket Entry No. 13) at 1-3. Plaintiff argues that Defendant Little's actions are racially motivated, that Little colluded with Defendant Shannon, and that Little has "constantly badgered and slandered" Plaintiff. *Id*. He further contends that Defendant Little has "filed documents in other courts" and that the motion to dismiss should not be granted until there is an "over all review of multiple matters at hand before courts of Davidson County." *Id*. at 4. Plaintiff offers no direct response to the two legal arguments for dismissal made by Defendant Little.

The Court finds that the motion to dismiss should be granted. As an initial matter, the factual allegations against Defendant Little set out by Plaintiff in his Complaint are minimal. Under Tennessee law, to prove a claim for defamation "the plaintiff must establish that: (1) a party published a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). Even if the Court takes as true Plaintiff's allegation that Defendant Little called Plaintiff a "criminal

mastermind," the Court is essentially left to guess as to how and when Defendant Little made the statement, in what context the statement was made, or to whom it was made. Indeed, there are no facts alleged in the Complaint that show how the alleged statement was published by Little. A plaintiff is required to set forth factual allegations that are sufficient to state a plausible claim under the theory of recovery they are pursuing, and the Court is not required to supply or assume facts that are not pled. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). At best, Plaintiff's minimal allegation merely raises the speculation of a defamation claim, which is not sufficient to state a claim for relief. *See League of United Latin Am. Citizens,* 500 F.3d at 527; *Veasy v. Teach for Am., Inc.*, 868 F.Supp.2d 688, 696 (M.D.Tenn. 2012).[2]

Second, Plaintiff has not rebutted the absolute litigation privilege defense raised by Defendant Little. Tennessee recognizes a litigation privilege that bars a claim for defamation that is based upon statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved. *Funeral Serv., Inc. v. Griffith Lambdin*, 559 S.W.2d 791, 792 (Tenn. 1978); *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962). The litigation privilege is an absolute defense, meaning that it is "in effect, a complete immunity" and "is not defeated by the defendant's malice, ill-will, or improper purpose in publishing the defamatory communication." *Strong-Tie Co., Inc. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 22 (Tenn. 2007). As noted herein, it is entirely unclear in what context the alleged statement of Little was made, but it appears from on overall reading of Plaintiff's allegations that it was made within the scope of or surrounding the lawsuit filed by Defendant Little on behalf of Salido. As such, the absolute litigation privilege applies and bars Plaintiff's defamation claim.

---

[2] Because Plaintiff's allegation is not sufficient to even assert a defamation claim upon which relief can be granted, it is unnecessary to address Defendant Little's arguments that his statement was both truthful and only an opinion.

B. Dismissal of the Remaining Defendants

Defendants Shannon and Salido should be dismissed from the action because they have not been served with process. Rule 4(m) of the Federal Rules of Civil Procedure states, in part:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See* Rule 4(m).

Plaintiff was directed by the Court on August 1, 2019, to complete service packets for these two Defendants and return them to the Clerk's Office within 28 days of the date of entry of the Order. *See* Docket Entry No. 6 at 2. Plaintiff was specifically warned that a failure to return the completed service packets within the time required could jeopardize prosecution of his case, but that he could request additional time for complying with the Order if necessary. *Id*.

Plaintiff did not return the service packets as directed or request additional time to return the service packets. The docket in the case further reflects that Plaintiff has not made any inquiry regarding service of process upon these two Defendants or otherwise attempted to pursue his claims against them during the almost seven months that have passed since the August 1, 2019 Order.

There appears to be no good cause for excusing the failure of Plaintiff to have these Defendants served with process or for requiring the Court to extend the time within which to attempt service of process upon them. Accordingly, Defendants Shannon and Salido should be dismissed from the action without prejudice in accordance with Rule 4(m).

**RECOMMENDATION**

Based on the foregoing, it is respectfully RECOMMENDED that:

1) the motion to dismiss (Docket Entry No. 11) of Defendant Alex Little be GRANTED and that the claims against Defendant Little be DISMISSED;

2) Defendants Hugh Salido and Gary Shannon be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

3) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                          Respectfully submitted,

                          BARBARA D. HOLMES
                          United States Magistrate Judge