IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID FLETCHER,                              )
                                             )
        Plaintiff,                           )
                                             )          NO. 3:19-cv-00588
v.                                           )          JUDGE RICHARDSON
                                             )
ALEX LITTLE, et al.,                         )
                                             )
        Defendants.                          )

## ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge
(Docket No. 14) and Objections filed by Plaintiff (Docket No. 15).[1] The Magistrate Judge has
recommended as follows:

1) the motion to dismiss (Docket Entry No. 11) of Defendant Alex Little be
   GRANTED and that the claims against Defendant Little be DISMISSED;

2) Defendants Hugh Salido and Gary Shannon be DISMISSED WITHOUT
   PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure;
   and

3) this action be DISMISSED in its entirety.

(Doc. No. 14 at 6-7).

When a magistrate judge issues a report and recommendation regarding a dispositive
pretrial matter, the district court must review de novo any portion of the report and
recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The court may

---

[1] Defendant Little filed a specific Notice of Non-Filing Response (Doc. No. 17), indicating that he
did not intend to respond to Plaintiff's Objections.

accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objections, and the file. For the reasons stated herein, Plaintiff's Objections are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff Fletcher filed this action, *pro se*, asserting claims under 42 U.S.C. § 1983 ("Section 1983") and under state law against Defendants Little (an attorney), Salido (identified in the Complaint simply as "con-man"), Shannon (a former Metro police detective), and the Metro Nashville Police Department. The Court previously dismissed all claims against the Metro Nashville Police Department and Plaintiff's Section 1983 claims against Salida and Little. (Doc. No. 6). By contrast, the Court found that Plaintiff's Section 1983 claim against Defendant Shannon and his state law claims for defamation against Defendants Little, Salido, and Shannon were sufficiently colorable to survive the Court's initial review under 28 U.S.C. § 1915. (*Id*.)

Defendant Little filed a Motion to Dismiss for failure to state a claim (Doc. No. 11) as to the only remaining claim against him, a state law claim for defamation. Plaintiff alleges in his Complaint that Little "has referred to me as a criminal mastermind on behalf of his client" and has "caused a wave of public and internet humiliation. That came from Det. Shannon." (Doc. No. 1 at 5). The Magistrate Judge recommends that Defendant Little's motion be granted.

It is important in considering Defendant Little's Motion to Dismiss[2] to remember the standard for the Court's review. For purposes of a motion to dismiss, the Court must take all the

---

[2] Defendant Little failed to file a separate memorandum of law in support of his motion to dismiss as required by Local Rule 7.01(a)(2). Nonetheless, the Magistrate Judge considered Defendant

factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Doe v. Ohio State Univ.,* 219 F.Supp.3d 645, 652 (S.D. Ohio 2016). In other words, the Court's task is to determine, considering the allegations of the Complaint alone and viewing those allegations as true, whether Plaintiff has sufficiently stated a claim against Defendant Little.

Unfortunately, Plaintiff's objections do not state with particularity the specific portions of the Report and Recommendation to which they are made, as required by Fed. R. Civ. P. 72(b)(2) and Local Rule 72(a). Nonetheless, the Court will attempt to address the objections in turn.

Plaintiff's first objection relates solely to Defendant Shannon and has nothing to do with the Magistrate Judge's recommendation concerning Defendant Shannon, so it requires no response from the Court. Plaintiff next states, in Objection (2), that Defendant Little "admits to civil rights violations," although the Court finds no such admission in Defendant's Motion to Dismiss. Plaintiff also objects to Defendant's asserted "privilege" as "exactly that type of problem and boasting that has shattered society as we speak." (Doc. No. 15 at 2). As indicated below, the Court need not reach the issue of privilege; but, in any event, this objection is vague and conclusory and is overruled.

Next, in objection (3), Plaintiff contends that Defendant Little's alleged slanderous comments and defamation "may have been a big part in the many attempts made on the life of the plaintiff." (Doc. No. 15 at 2). Again, this contention is conclusory and speculative, and thus the

---

Little's motion and, because the motion includes legal argument and citations to authority, the Court will consider it as well.

objection is overruled. Plaintiff's objection (4) challenges facts asserted by Defendant Little, not a portion of the Report and Recommendation, and it makes no argument to support a finding that the Complaint sufficiently states a claim against Defendant Little. Objection (5) has nothing to do with the Report and Recommendation, as the Magistrate Judge did not base her decision on "time expiring."

Objections (6) and (7) have to do with Plaintiff's alleged damages, which also are not a basis for the Magistrate Judge's recommendation. Objection (8) is Plaintiff's argument that Defendant Little should "not be allowed to violate civil rights then hide behind white priveledge (sic) or any priveledge (sic)." Again, although the Magistrate Judge found that Defendant Little was entitled to assert the litigation privilege, the Court need not rely upon that privilege in finding that Plaintiff has failed to state a claim against Defendant Little for defamation. Finally, Objection (9) again attributes certain admissions to Defendant Little which are not included in Defendant's Motion to Dismiss. Plaintiff again alleges that Defendant's comments were unprofessional and racially biased. This Objection is also conclusory and is overruled.

To establish a defamation claim under Tennessee law, a plaintiff must demonstrate that: (1) a party published a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Stockdale v. Helper*, No. 3-17-cv-241, 2020 WL 887593, at * 22 (M.D. Tenn. Feb. 24, 2020). As noted above, the factual allegations concerning defamation against Defendant Little are minimal. Plaintiff has not alleged that Defendant Little "published" the alleged statement that Plaintiff was a criminal mastermind. He has not alleged to whom such a statement was made, when it was made, or the context under which it was made. Nor has he alleged that it was knowingly, reckless or negligently false, or even that it was false at all. To state a

plausible claim for defamation, substantially more is required than the extremely cursory allegation made by Plaintiff about Defendant Little. As the Magistrate Judge found, the Complaint fails to state a claim against Defendant Little for which relief may be granted.

Accordingly, Defendant Little's Motion to Dismiss (Doc. No. 11) is **GRANTED,** and Plaintiff's claims against Defendant Little are **DISMISSED** with prejudice.

The Magistrate Judge also recommends that Plaintiff's claims against Defendants Shannon and Salido be dismissed for Plaintiff's failure to serve these Defendants as required by Fed. R. Civ. P. 4(m). Plaintiff's only objection appearing to relate to this portion of the Report and Recommendation is his assertion that "[a]pparently defendant (Alex Little) has purposely refuse (sic) forwarding summons to his client Hugo Salido. And summons for other two defendants were yet to served (sic)." (Doc. No. 15 at 1). The burden to serve these Defendants is upon Plaintiff. Fed. R. Civ. P. 4(c)(1). The Court warned Plaintiff, on August 1, 2019, that a failure to return the completed service packets within the time required (28 days from that Order) could jeopardize prosecution of his case. (Doc. No. 6). Defendant Salido has still not been served with process, and Plaintiff's claims against him, therefore, are **DISMISSED** without prejudice for failure to timely serve process in accordance with the Court's Order and under Fed. R. Civ. P. 4(m).

Defendant Shannon was served with process on March 17, 2020, after the Magistrate Judge's Report and Recommendation and seven months after the Court's order directing process within 28 days. (Doc. No. 18). At no time since August 1, 2019, did the Plaintiff request additional time in which to serve Defendant Shannon. Accordingly, Plaintiff's claims against Defendant Shannon are also **DISMISSED** without prejudice, for failure to timely serve process in accordance with the Court's Order and under Fed. R. Civ. P. 4(m).

This action is dismissed, and the Clerk is directed to close the file. This Order shall constitute a final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE